Forrest A. Lowry Ottawa City Attorney City Hall, 4th Walnut Ottawa, Kansas 66067
Dear Mr. Lowry:
As city attorney you request our opinion concerning the initiative and referendum statute found at K.S.A. 12-3013. Evidently, a petition has been presented which seeks to preclude the governing body from using certain city property for any use except use as a burial ground or a cemetery. You indicate that in 1982 the city issued bonds for the purpose of purchasing 40 acres to be used as an addition to the city cemetery. The property has never been used as a burial ground because there is still sufficient space in the existing cemetery. However, when the governing body indicated its intention to consider using the 40 acres for a housing development, the citizens initiated a petition which states that the real property "shall not be used for any purpose except for future expansion of Highland cemetery." You inquire whether this proposed ordinance is legislative or administrative because K.S.A. 12-3013
does not apply to administrative ordinances.
The Kansas supreme court's most recent pronouncement on the legislative-administrative dichotomy is found at City of Wichita v.Kansas Taxpayers Network, Inc., 255 Kan. 534, 539 (1994). These guidelines are summarized below:
 "1. An ordinance that makes new law is legislative; while an ordinance that executes an existing law is administrative. Permanency and generality are key features of the legislative ordinance.
 "2. Acts that declare public purpose and provide ways and means to accomplish that purpose generally may be classified as legislative. Acts that deal with a small segment of an overall policy question generally are administrative.
 "3. Decisions that require specialized training and experience in municipal government and intimate knowledge of the fiscal and other affairs of the city in order to make a rationale choice may properly be characterized as administrative, even though they may be also said to involve the establishment of a policy.
 "4. No one act of a governing body is likely to be solely administrative or legislative, and the operation of the initiative and referendum statute is restricted to measures which are quite clearly and fully legislative and not principally executive or administrative."
K.S.A. 14-1007a et seq. establishes a procedure for cities of the second class to acquire land to be used as an addition to an existing cemetery. The statutory framework requires notice in the newspaper for two weeks and an opportunity for protest by way of a petition signed by 10% of the electors. K.S.A. 14-1007b authorizes the city to issue bonds for the amount of purchase.
In 1982 the city, acting pursuant to K.S.A. 14-1007a et seq. enacted an ordinance which authorized city officials to purchase 40 acres of property for use as "additional public cemetery grounds." In addition, the ordinance authorized the issuance of general obligation bonds. No protest petition was filed and the property was purchased.
The proposed ordinance in question does not create a new law. Rather, it seeks to execute the 1982 ordinance by holding the governing body to its original intent of using the property as an addition to the existing cemetery. The proposed ordinance deals with only a segment of the overall policy that was established in 1982. Consequently, in light of the fact that the initiative and referendum statute is restricted to measures that are "clearly and fully legislative", it is our opinion that this proposed ordinance is administrative, and therefore K.S.A. 12-3013
does not apply.
You also inquire about the application of K.S.A. 12-1441 to this situation. K.S.A. 12-1441 provides, in relevant part, as follows:
 "(a) The governing body of any city . . . which has established, acquired or otherwise assumed control of any cemetery or burial grounds shall prevent such cemetery or burial grounds from being used for . . . building sites . . . or any purpose other than for burial or other intended cemetery purposes."
 "(b) The fact that any tract of land has been set apart for burial purposes and that a part or all of such tract has been used for burial purposes shall be evidence that such grounds were set aside and used for burial purposes regardless of whether graves are visible on any part of the grounds. For the purposes of this act, the terms `cemetery' and `burial grounds' shall mean parcels of land set aside and used for the interment of human bodies." (Emphasis added).
Our understanding is that this property has not been used for the interment of human bodies, and therefore, this land is not a "cemetery" or "burial ground" for purposes of this statute. Consequently, it is our opinion that K.S.A. 12-1441 will not prevent the governing body from using the property for use other than use as a burial ground. We express no opinion, however, as to whether the bond issue or other legal provisions may preclude use of the property for other than cemetery purposes.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm